### J. W. LAUGHLIN v. THOS. H. MOORE, &c.

**Pleading.**
> Where the proof shows one is entitled to a credit larger than that claimed in his pleading, the proper remedy is by an amended petition, and not to try to correct the error by an appeal.

APPEAL FROM CLARKE CIRCUIT COURT.

May 16, 1871.

OPINION OF THE COURT BY JUDGE LINDSAY:

Appellant's counsel call our attention to three rulings of the circuit court which they insist are each erroneous. They complain that Laughlin was twice charged with the check for $1,090, de-posited in Poston's Bank. If the amount of the same was em-

braced in the $12,608.00, the proceeds of the sales of the stock, then he should have received no separate credit for the amount of the check. If upon the contrary, it was not embraced in said amount, as it was a part of the firm assets, and as he received an individual credit therefor by the bank, he was properly chargeable with the amount of the same on a settlement of the partnership.

As to the expense account, we do not think there can be any real difficulty. Appellant, in his original petition, claimed on that account the sum of $795.05, which amount was allowed him. He now insists that the proof shows that he was, in point of fact, entitled to nearly double that sum, and hence that the court erred in restricting his recovery on said account to the amount claimed. He had the right to amend his pleadings to make them conform to the proof, but inasmuch as he did not see proper to do so, it is no ground of complaint upon his part that the court did not allow him more than he asked for.

This leaves for consideration only the $418.40, paid to Quisenberry, and for which appellant insists he should have received a credit. This debt was paid by a check on Poston's Bank. In the settlement, appellant was credited by the entire amount of firm assets deposited by him in said bank, and it is perfectly manifest that he should not also be credited for the same money as he drew it out in the payment of debts contracted in partnership purchases. We do not regard either of the rulings complained of as prejudicial to the appellant.

Wherefore, the judgment of the circuit court must be affirmed.

*Brown & Julian, for appellant.*
*Eginton, Simpson, for appellee.*